UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE GREEN,
# 442786

     Petitioner,                    CASE NO. 2:20-CV-12613

v.                               HON. BERNARD A. FRIEDMAN

JOHN DAVIDS,

     Respondent.

_____/

## OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Willie Green, confined at the Ionia Correctional Facility in Ionia, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, Green challenges his conviction for carjacking, Mich. Comp. Laws § 750.529a, and first-degree home invasion, Mich. Comp. Laws § 750.110a(2). Green was sentenced as a fourth felony habitual offender, Mich. Comp. Laws § 769.12.  For the reasons stated below, the petition for a writ of habeas corpus is denied.

1

## I. BACKGROUND

Green was convicted following a jury trial in the Wayne County Circuit Court. He was sentenced to 25-40 years on the carjacking conviction and 10-20 years on the home invasion conviction with the sentences to run consecutively.

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> This case arises out of a home invasion at the victim's home in Detroit. When the victim returned home, she found defendant and two accomplices had broken in, and were still inside. The victim ordered defendant and his companions to leave. Defendant responded that he had been hired to clean the house; the victim, however, had not hired anyone to clean her home. Eventually, defendant exited the victim's home through the front door, ran to the victim's truck that was parked in the driveway, and attempted to steal it. The victim jumped onto the side of the truck and attempted to wrestle the keys away from defendant. Defendant managed to pull the truck out of the driveway, but could not escape in it because the victim was holding onto the side door. Defendant punched the victim in the face repeatedly in an attempt to get her to let go of the door. A neighbor rushed out to help the victim. The neighbor recognized defendant, who lived around the block. Defendant got out of the truck and fled on foot. Defendant was arrested at his home later that day.

*People v. Green*, No. 337756, 2018 WL 5275782, at *1 (Mich. Ct. App. Oct. 16, 2018), *leave denied* 936 N.W.2d 457 (Mem) (Mich. 2020).

Green's conviction was affirmed but the case was remanded to the trial court for re-sentencing because the judge failed to properly articulate his reasons for imposing consecutive sentences. *Id.* at *7.

On re-sentencing, Green was again given consecutive sentences of 25-40 years on the carjacking conviction and 10-20 years on the home invasion conviction.

Green seeks a writ of habeas corpus on the following grounds:

1. Green's right to due process was violated when he was convicted under an alias thereby allowing a juror that knew Green to be impaneled, and when a co-defendant would have testified that he was not involved in the crime but did not testify.

2. The trial court abused its discretion by sentencing Green to consecutive sentences and incorrectly scoring OV [offense variable] 14.

3. Trial counsel was ineffective for refusing to allow Green to give input on trial strategy and refusing to call additional alibi witness.

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996, imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).   An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.   "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

## III. DISCUSSION

### A. Claim # 1: the due process claim

Green first argues that he was denied the right to due process at his trial.

Green alleges that he was denied due process because the presentence investigation report ("PSIR") listed his name and birth date incorrectly.[1]   Green

---

[1] Green raised this argument in his briefing before the Michigan Court of Appeals, *see* (ECF No. 1, PageID.24-25), but it is not entirely clear that he reasserts this particular subpoint in his present petition for habeas corpus, *see* (*Id.*, PageID.6).   In the interest of thoroughness, the Court will address the argument.

further argues that his right to due process was violated when he was tried and convicted under a false name that allowed for a juror to be impaneled who knew him because she was the court coordinator of the Wayne County Circuit Court Juvenile Division and knew Green when he had previously lived at a youth home.  Green lastly claims that his due process right to present a defense was violated because he was not permitted to call his co-defendant, who pleaded guilty, as a defense witness.

Green's claims that the presentence investigation report contained incorrect information and his claim that a potentially biased juror was impaneled are procedurally defaulted.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless a petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  If the petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default.  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  To be credible,

such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

The Sixth Circuit has noted that "where a straightforward analysis of settled state procedural default law is possible, federal courts cannot justify bypassing the procedural default issue." *Sheffield v. Burt*, 731 F. App'x 438, 441 (6th Cir. 2018).

The Michigan Court of Appeals found that Green's claim that his presentence investigation report contained inaccurate information was unpreserved because Green failed to object at sentencing to the contents of the report. The Michigan Court of Appeals further found the claim to be waived because Green agreed at sentencing that the information contained within the PSIR was correct. *People v. Green*, 2018 WL 5275782, at *1. The Michigan Court of Appeals further found that Green's juror impartiality claim was unpreserved because Green did not object to the juror being seated before the jury was impaneled and sworn. Accordingly the Michigan Court of appeals would only review the claim for plain error; finding none, they rejected Green's claim. *Id.* at *2.

Michigan law generally requires defendants in criminal cases to present their claims in the trial courts in order to preserve them for appellate review. *See People v. Carines*, 597 N.W.2d 130, 137-39 (Mich. 1999). The Michigan Court of Appeals concluded that Green had waived his first subclaim by agreeing that the contents in

the PSIR were accurate. *Green*, 2018 WL 5275782, at *1. A state court conclusion that an issue was waived is considered a procedural default. *See, e.g.*, *Shahideh v. McKee*, 488 F. App'x 963, 965 (6th Cir. 2012). The Michigan Court of Appeals concluded that Green's biased juror claim was unpreserved because Green failed to object to the juror being seated. *Green*, 2018 WL 5275782, at *2. The fact that the Michigan Court of Appeals engaged in plain error review of this claim is not a waiver of the state procedural default. *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). Instead, this Court should view the Michigan Court of Appeals' review of Green's biased juror claim for plain error as enforcement of the procedural default. *See Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001).

Green offers no reasons for his failure to preserve his first and second subclaims at the trial level. By failing to raise any claim or issue to excuse the procedural default, Green "has forfeited the question of cause and prejudice." *Rogers v. Skipper*, 821 F. App'x 500, 503 (6th Cir. 2020).

Additionally, Green has not presented any new reliable evidence to support an assertion of innocence which would allow this Court to consider his defaulted claims in spite of the procedural default. Although Green presented an alibi witness at trial in support of his alibi defense, namely his brother Kenneth Moss, this alibi witnesses would not constitute newly discovered evidence within the meaning of *Schlup v. Delo*, 513 U.S. 298 (1995) that could be used to establish Green's actual

7

innocence so as to excuse his default. *See Keenan v. Bagley*, 262 F. Supp. 2d 826, 835 (N.D. Ohio 2003). To the extent that Green claims that trial counsel was ineffective for failing to call additional alibi witnesses (*see* Claim # 3, *infra*), Green would be unable to use these purported alibi witnesses to support his claim of actual innocence because he has offered no affidavits from these witnesses which would establish what their proposed testimony would be and whether they would be willing to testify on his behalf. *See, e.g.*, *Townsend v. Lafler*, 99 F. App'x 606, 610 (6th Cir. 2004). Finally, although Green claims that his co-defendant Kimberly Haley should have been called to testify that Green was not involved in the home invasion or carjacking, he has not provided the Court with a signed affidavit from Ms. Haley concerning her willingness to testify, but only a police report, in which Ms. Haley told the police that Green had no involvement in the crime. (ECF No. 1, PageID.123-25). Ms. Haley's statement to the police is hearsay and is thus presumptively unreliable for supporting an actual innocence claim. *Bell v. Howes*, 701 F. App'x 408, 412 (6th Cir. 2017). Ms. Haley's statement to the police is also "entitled to little weight because [it is] unsworn." *Id.* Green's first two subclaims are procedurally defaulted.

Green also claims that he was denied the right to present a defense because he was not allowed to call Ms. Haley to testify. Respondent argues that this portion of

Green's first claim is unexhausted because he did not present it to the state courts on his appeal of right.

A habeas petitioner's failure to exhaust his state court remedies does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). An unexhausted claim may be adjudicated by a federal court on habeas review if the unexhausted claim is without merit, such that addressing the claim would be efficient and would not offend the interest of federal-state comity. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies). In the interest of judicial economy, and to avoid any further burden on the state courts if Green were to return there in an attempt to exhaust this claim in a post-conviction motion, this Court will address the claim on the merits.

Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he also has the right to present his own witnesses to establish a defense. This right is a fundamental element of the due process of law. *Washington v. Texas*, 388 U.S. 14, 19 (1967).

Green is not entitled to relief on his claim for two reasons.

First, Green does not allege or show that the trial judge prohibited defense counsel from calling Ms. Haley to testify. Green cannot convert a tactical decision

not to introduce evidence into a constitutional violation of the right to generally present evidence. *See Rodriguez v. Zavaras*, 42 F. Supp. 2d 1059, 1150 (D. Colo. 1999).

Second, as mentioned above, Green has provided no affidavit from Ms. Haley concerning her proposed testimony and her willingness to testify on Green's behalf; thus, this Court is unable to determine whether she would have testified favorably for Green. Green would not be entitled to habeas relief on a right to present a defense claim that is merely speculative. *See, e.g.*, *Berry v. Palmer*, 518 F. App'x 336, 342 (6th Cir. 2013). Green is not entitled to relief on his first claim.

**B. Claim # 2: the sentencing claim**

Green next argues that the judge erred in imposing consecutive sentences. Green also challenges the scoring of his Michigan Sentencing Guidelines.

The application of state sentencing laws governing consecutive sentencing does not present a federal constitutional question but rather an issue of state law which is not cognizable on habeas review. *See Coleman v. Koloski*, 415 F.2d 745, 746-47 (6th Cir. 1969) (whether sentences may run consecutively does not present a federal constitutional question); *see also Rosier v. Giurbino*, 245 F. App'x 687, 688 (9th Cir. 2007) (challenge to state court's decision to apply consecutive sentences under state law was not cognizable on federal habeas corpus). Green's claim that the state trial court improperly ordered his carjacking sentence to be

served consecutively to his home invasion sentence is non-cognizable on habeas review.

Green's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is also non-cognizable on federal habeas review because it is basically a state law claim. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007). Errors in the application of state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016). Green is not entitled to relief on his second claim.

### C. Claim # 3: the ineffective assistance of counsel claim

Green claims he was denied the effective assistance of trial counsel.

To prevail on his ineffective assistance of counsel claim, Green must show that the state court's conclusion regarding his claim was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.

Green's primary claim is that trial counsel was ineffective for failing to call several alibi witnesses in addition to calling Green's brother as an alibi witness.

Green also claims that trial counsel was ineffective for failing to call his co-defendant Ms. Haley to testify that he had no involvement with the crime.

Green is not entitled to relief on his claim because he failed to provide to the Michigan courts or to this Court an affidavit from these witnesses concerning their proposed testimony and willingness to testify on Green's behalf.  Conclusory allegations that counsel was ineffective, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998).  Because he failed to present any evidence to the state courts in support of his ineffective assistance of counsel claim, Green is not entitled to an evidentiary hearing on the claim with this Court.  *See Cooey v. Coyle*, 289 F.3d 882, 893 (6th Cir. 2002) (citing 28 U.S.C. § 2254(e)(2)(A)(ii)).  Neither to the Michigan courts nor to this Court has Green offered any evidence beyond his own assertions as to whether these witnesses would have been able to testify and what the content of their testimony would have been.  In the absence of such proof, Green is unable to establish that he was prejudiced by counsel's failure to call his co-defendant or his other proposed alibi witnesses to testify at trial so as to support the second prong of an ineffective assistance of counsel claim. *See Clark v. Waller*, 490 F.3d 551, 557 (6th Cir. 2007).

Moreover, this Court would be unable at this point to entertain any affidavits from these witnesses.  The United States Supreme Court has held that habeas review

under 28 U.S.C. §2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).   Therefore, *Cullen* would preclude the Court from considering any new evidence that Green might want to present now in support of his ineffective assistance of trial counsel claim under 28 U.S.C. §2254(d). *Cf. Campbell v. Bradshaw*, 674 F.3d 578, 590, n.3 (6th Cir. 2012) (declining to consider testimony taken in federal evidentiary hearing because it was not part of the state court record). Green presented no evidence to rebut the presumption that counsel's decision to forego calling his co-defendant or the additional alibi witnesses was strategic; nor has he shown that the outcome of the trial would have been different had this evidence been presented.

Counsel, in fact, may have had a strategic reason for not calling Green's additional alibi witnesses.  At trial, the prosecutor indicated that her investigator had attempted to locate these additional alibi witnesses and could not find them, except for Green's sister, who refused to talk to the investigator. (ECF No. 14-8, PageID.682).  It would not be objectively unreasonable for a fair-minded jurist to agree that counsel's decision not to call these individuals as alibi witnesses was a reasonable trial strategy.  *See Hawkins v. Woods*, 651 F. App'x 305, 310–11 (6th Cir. 2016).

Finally, defense counsel called Green's brother to testify as an alibi witness. Because any testimony from the additional proposed alibi witnesses would have been cumulative of the alibi testimony presented by Green's brother, the Michigan Court of Appeals' rejection of Green's ineffective assistance of counsel claim was not an unreasonable application of *Strickland*. *See Robins v. Fortner*, 698 F.3d 317, 330 (6th Cir. 2012); *see also Moss v. Olson*, 699 F. App'x 477, 485 (6th Cir. 2017).

Green claims that trial counsel was ineffective for failing to accept Green's input at trial. This claim is unexhausted because it was never presented to the state courts. However, as mentioned when addressing Green's first claim, *supra,* this Court can address an unexhausted claim that is meritless. Green's claim that trial counsel refused to accept his input is conclusory, unsupported, and meritless. Green is not entitled to relief on his third claim.

## IV. CONCLUSION

Before Green may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*,

529 U.S. 473, 484 (2000).  When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim for the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny Green a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).  However, although jurists of reason would not debate this Court's resolution of Green's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Green may proceed *in forma pauperis* on appeal. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).  Accordingly,

IT IS ORDERED that the petition for writ of habeas corpus is summarily dismissed with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is granted.

SO ORDERED.

|  |  |
|---|---|
| Dated: May 23, 2023 | s/Bernard A. Friedman |
| Detroit, Michigan | Bernard A. Friedman |
|  | Senior United States District Judge |

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on May 23, 2023.

| | |
|---|---|
| **Willie Green** #442786 | s/Johnetta M. Curry-Williams |
| IONIA MAXIMUM CORRECTIONAL FACILITY | Case Manager |
| 1576 W. BLUEWATER HIGHWAY | |
| IONIA, MI 48846 | |